IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROMONA MAYEAUX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-CV-262 |
| | § | |
| CLEAR CREEK INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Romona Mayeaux brings this action against Defendant Clear Creek Independent School District ("CCISD" or "Defendant") alleging that CCISD violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.*, and 42 U.S.C. §§ 1981, 1983 by discriminating on the basis of race. Now before the Court is Defendant's Motion for Summary Judgment and Plaintiff's Response thereto. The Court concludes that Defendant's Motion is well taken, and it is **GRANTED**.[1]

**I. Background**

Plaintiff began her employment with CCISD as a special education teacher at Creekside Intermediate School ("Creekside"). She worked for CCISD for the 2002-03 school year under a one-year probationary contract. Plaintiff received a one-year contract for the 2003-04 school year. Plaintiff's contract was not renewed the next year, and it is that nonrenewal that forms the basis of this lawsuit.

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

As a special education teacher, Plaintiff's major job duties included planning programs of study to meet individual students' needs, developing classroom rules, creating a classroom environment conducive to learning, and working with students struggling with social skills. During the fall of the 2002-03 school year, Plaintiff's classroom had only one student. In the spring of that year, Plaintiff was given an additional class which included between four and eight students. Near the end of Plaintiff's first year, Creekside assistant principal, Mandy Kyle ("Kyle") noted problems with Plaintiff's classroom management. At that time, Kyle indicated that CCISD would pay for Plaintiff to attend relevant training seminars over the summer.

Plaintiff claims that during the 2002-03 school year, she was evaluated one time, when Kyle performed a walk through observation. The results of that evaluation were allegedly returned to Plaintiff in an untimely manner, and she did not have an appropriate chance to respond.

At the beginning of the 2003-04 school year, Kyle and Creekside principal, Peter Caterina ("Caterina"), met with Plaintiff to discuss student safety, students' schedules, and Plaintiff's previous noncompliance with special education laws. Plaintiff was instructed not to deviate from the students' schedules, not to leave the classroom unattended, and not to take students with her to take care of other teaching responsibilities which could be taken care of during non-instructional time. Kyle also told Plaintiff that she needed to attend all special education department meetings and she needed to update her students' individual education plans ("IEPs") in a timely manner.

During her second year, Plaintiff's supervisors devised a written improvement plan called a "Teacher in Need of Assistance" plan in order to improve Plaintiff's

performance.  The plan included the above-mentioned requirements along with requirements that Plaintiff attend special workshops and observe other teachers.  Plaintiff later attended two such workshops.  Plaintiff alleges that the implementation of the Teacher in Need of Assistance Plan was not in compliance with applicable regulations.  Specifically, Plaintiff argues that the Texas Education Agency only provides for growth plans if a teacher is rated less than proficient in two domains, which Plaintiff was not.

Despite this intervention, Plaintiff continued to have performance issues.  CCISD claims that Plaintiff did not follow students' schedules, did not attend required meetings, did not attend staff meetings, failed to implement appropriate behavior systems, failed to manage inappropriate student behavior, failed to take attendance, failed to report grades, maintained an antagonistic teaching style, failed to provide instruction, used her cell phone during instruction time, and received many parental complaints.  Additionally, her students experienced a high rate of failure.  As a result of these deficiencies, which Plaintiff contests, Plaintiff was transferred to another campus, Hyde Elementary.  At Hyde, Plaintiff served as a permanent substitute teacher with no change in salary or benefits.

In March, 2004, CCISD administration recommended nonrenewal of Plaintiff's contract.  Plaintiff requested a nonrenewal hearing.  During Plaintiff's non-renewal hearing, two of Plaintiff's teacher aides testified that Plaintiff had paid them to complete her lesson plans for her, had failed to implement behavior programs, had violated terms of students' IEPs, and had spent sixty percent of her day on her cell phone.  The school board voted 6 to 1 in favor of the proposed nonrenewal.  Plaintiff now claims that the

nonrenewal was discriminatory, and that she was terminated because she is African-American.

## II.  Legal Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d. 265 (1986).  The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553.  The non-moving party must come forward with "specific facts showing there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).  "'If the movant bears the burden of proof on an issue. . . [it] must establish beyond peradventure *all* of the essential elements' of the claim or defense."  *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1994 (5th Cir. 1986)).  The court must view all evidence in the light most favorable to the non-movant.  *See, e.g., Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003).  If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be granted.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

Plaintiff's discrimination claims are governed by the burden-shifting framework initially set out by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S.

792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *See Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358 (5th Cir. 2004); *Roberson v. Alltel Info. Serv.*, 373 F.3d 647 (5th Cir. 2004).[2] To succeed on her claim, Plaintiff must first establish a *prima facie* case of unlawful discrimination. *Id.* If Plaintiff proves her *prima facie* case, she is entitled to a presumption of discrimination. The burden then shifts to CCISD to articulate a legitimate, non-discriminatory reason for Plaintiff's discharge. *Id.* If CCISD is able to offer such, Plaintiff must then offer sufficient evidence to create a genuine issue of material fact that the defendant's proffered reasons are pretextual. *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999).

To establish a *prima facie* case of discrimination, Plaintiff must establish that she (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or that people outside the protected class were treated more favorably. *See Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).

**III. Analysis**

*A. Plaintiff can establish a* prima facie *case of discrimination.*

CCISD concedes that Plaintiff is a member of a protected class (Africa-American), holds the basic qualifications required for the position (state certification),

---

[2] CCISD's briefing states that Plaintiff's claims should be governed by the modified *McDonnell Douglas* approach set out in *Rachid v. Jack in The Box*, 376 F.3d 305 (5th Cir. 2004). However, the modified approach is only applicable to mixed-motive cases. *See Roberson*, 373 F.3d at 651. Plaintiff does not plead a mixed-motive case in her Complaint, and does not argue one in her Response to Defendant's Motion for Summary Judgment. However, for the sake of completeness, the Court finds that Plaintiff's claims fail under the modified approach set out in *Rachid*. *Rachid* allows a plaintiff to survive summary judgment by showing that there is a question of fact such that a reasonable jury member could find that "the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." *See Rachid*, 373 F.3d at 312 (citing *Rishel v. Nationwide Mut. Ins. Co.*, 297 F. Supp. 2d 854, 865 (M.D.N.C. 2003)). Plaintiff does not even argue this, and the evidentiary record before the Court does not support it. Even under a mixed-motive analysis, Plaintiff's claims fail.

and was subject to an adverse employment action (termination). However, CCISD claims that Plaintiff does not meet the fourth prong of the test since she has not shown that other similarly situated employees outside of the protected class were treated more favorably. While the Court makes no judgment regarding the accuracy of this claim, it finds that CCISD has applied the wrong standard to the fourth prong of Plaintiff's *prima facie* case. Specifically, Plaintiff need only show that she was replaced by someone outside the protected class to meet the fourth prong. *See id.* Plaintiff has offered deposition testimony that she was replaced by someone named Adelaide Socki, and the Court finds this evidence credible. However, there is no mention by either side of Adelaide Socki's race, so it is impossible for the Court to determine if Ms. Socki is indeed outside the protected class. Since the Court must view all facts in the light most favorable to Plaintiff, it assumes, for purposes of this Motion only, that Ms. Socki is outside the protected class. Accordingly, Plaintiff meets the fourth prong, and has established a *prima facie* case of discrimination.

*B. Defendant has articulated a legitimate non-discriminatory reason for Plaintiff's termination.*

Plaintiff concedes that Defendant has articulated a legitimate non-discriminatory reason for her termination. Defendant has adequately argued that Plaintiff showed poor job performance during here employment with CCISD.

*C. Plaintiff cannot show that Defendant's legitimate non-discriminatory reasons for termination were pretextual.*

Ultimately, Plaintiff's case fails because she is unable to present evidence that would permit a reasonable factfinder to conclude that Defendant's legitimate nondiscriminatory reasons for termination were pretextual. In this phase of the

*McDonnell Douglas* burden shifting framework, Plaintiff must "substantiate [her] claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision. . . . If the plaintiff can show the employer's asserted justification is false, this showing, coupled with a prima facie case, may permit the trier of fact to conclude that the employer discriminated against the plaintiff without additional evidence." *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)).

In this case, Plaintiff attempts to show that all of Defendant's proffered reasons for termination were false. However, Plaintiff does not present any substantiated evidence to support these claims. Rather, she simply disagrees. The Court will briefly discuss each of Defendant's proffered reasons addressed in Plaintiff's briefing.

1. <u>Failing to Implement a Point System</u>

CCISD claims that Plaintiff never properly implemented an adequate behavior incentive program, or point system, in her classroom as instructed. Plaintiff claims that she had a point system (which Defendant does not dispute) but presents absolutely no evidence that the point system was appropriate and in line with the requirements that were expected and previously discussed with her. On the other hand, Defendant presents sworn testimony from Kyle that is substantiated by identical testimony from two of Plaintiff's classroom aides. *See* Nonrenewal Hr'g Tr. at 101:1-102:25, 141:19-25, 192:1-10. The Court finds that CCISD's evidence on this issue is so convincing that no reasonable factfinder could find that this accusation was pretextual.

2. <u>Allowing Students to Misuse the Library</u>

CCISD claims that Plaintiff inappropriately allowed students to go to the library with no supervision, no assignment, no hall pass, and for multiple periods. This is substantiated by testimony from the school's librarian. *See id.* at 195-201. Plaintiff offers no evidence contradicting the librarian's testimony. She merely states that teachers were allowed to send up to three students at a time to the library, and she never sent more than three students. Plaintiff does not even attempt to disprove the other allegations. Since Plaintiff has not cited evidence to rebut several of Defendant's allegations on this point, the Court finds that she has failed to present a question of fact which would allow a factfinder to determine that this proffered reason for termination was pretextual.

3. Improperly Restraining a Student

Based on the testimony of a student followed by an investigation and an alleged admission from Plaintiff herself, CCISD alleges that Plaintiff physically restrained a student in violation of District policy and then failed to report it as required. *See id*. at 237-240. Plaintiff denies that she restrained the student and denies that she admitted restraining a student. While the Court does not necessarily adopt CCISD's version of the facts surrounding the restraint incident, it is convinced that CCISD reasonably believed its version of the facts. CCISD conducted a formal investigation with interviews of all relevant parties and concluded that Plaintiff improperly restrained the student. "The question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive." *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995). Given the thorough investigation made by CCISD into the incident, no reasonable factfinder could find that it acted with a discriminatory motive, even if he found that CCISD was wrong about the way the incident happened.

4. Misusing Aides

Defendant claims that Plaintiff misused her aides by paying them to do her work and otherwise requiring them to do work that she should have been doing. This is clearly supported by testimony from the aides themselves. *See id.* at 139:13-23, 141:19-25, 154:11-25. Plaintiff denies this, but offers no evidence in support. Her only response is that she leant money to her aide who was in dire financial circumstances. She does not even address the allegation that she had other people doing work for her, and therefore, does not present a question of fact as to whether the allegation was pretextual.

5. Improperly Altering Students' Schedules

According to the District, Plaintiff improperly altered students' schedules by not allowing them to go to required classes, such as art or physical education, based on poor behavior in her class. This is unacceptable since the education plans for special education students are highly regulated by the State. Plaintiff only responds to the schedule of one student claiming that the counselor approved the change. Again, Plaintiff does not even address the multiple infractions alleged by Defendant and therefore does not present a question of fact as to whether the allegation was pretextual.

6. Receiving Numerous Parent Complaints

Defendant alleges that it received complaints from at least three parents, two of whom threatened to report special education violations to the Texas Education Agency. Plaintiff argues that she only had one parent complaint and that many parents at the Nonrenewal Hearing spoke on her behalf. The allegation pertaining to parent complaints devolves into what is essentially a swearing match. Since the Court looks at all facts in a light most favorable to Plaintiff, it finds that on this issue, Plaintiff has presented a

question of fact as to whether there were in fact multiple parent complaints, and therefore whether Defendant's reason was pretextual.

      7. <u>Showing Poor Student Performance</u>

Defendant argues that one of the reasons for Plaintiff's nonrenewal was poor student performance. Namely, five out of eight of Plaintiff's students failed. Plaintiff asserts that this is incorrect. She says that all of her students passed but that Kyle conspired with Plaintiff's aide to change the grades of Plaintiff's students. She does not corroborate this assertion with any evidence. If CCISD reasonably believed that Plaintiff's students were failing, even if they in fact were not, this is enough to show that the allegation is not pretextual. As noted above, "[t]he question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive." *Mayberry* 55 F.3d at 1091. Based on the fact that the District's computer database showed failing grades for Plaintiff's students (which Plaintiff admits), it was reasonable for CCISD to believe that Plaintiff's students were failing.[3]

## IV. Conclusion

Any one of the above-listed allegations would qualify as a legitimate non-discriminatory reason for termination. Therefore, in order to survive summary judgment, Plaintiff would need to present at question of fact regarding the alleged pretextual nature of each one. As noted above, Plaintiff has only presented a fact question regarding one of the allegations—the existence of numerous parent complaints. Accordingly, Plaintiff has

---

[3] The Court has discussed only those allegation made by CCISD which Plaintiff has chosen to dispute. Plaintiff does not address CCISD's allegations (all of which are supported by competent summary judgment evidence) that she did not attend required meetings and talked on her cell phone for long periods of time. Accordingly, the Court finds that Plaintiff has not made a showing that these reasons were pretextual.

not successfully shown that there is question of fact on which reasonable minds could differ regarding all of Defendant's legitimate nondiscriminatory reasons for nonrenewal.

Defendant's Motion for Summary Judgment is **GRANTED**.  Plaintiff's claims are **DISMISSED WITH PREJUDICE**.  A Final Judgment will be entered in due course.  In the next twenty (20) days, Defendant is invited to submit a Motion for Attorneys' Fees and Expenses, to which Plaintiff is **ORDERED** to respond within twenty (20) days of the filing thereof.  At that time, the Court will rule thereupon and will consider the awarding of costs, fees, and expenses, as it perceives this case to have been brought in virtually total disregard of the facts and law germane hereto, which most certainly should not be borne by the Defendants' taxpayers.

**IT IS SO ORDERED.**

**DONE** this 26th day of March, 2007, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge